# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| VINTAGE AND VOGUE, LLC and ) <br> I DO AND I'M DONE, LLC, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ) <br> TRAVELERS CASUALTY ) <br> INSURANCE COMPANY OF ) <br> AMERICA, ) <br> ) <br>     Defendant. ) | CIVIL ACTION FILE NO. <br><br> _____ |

## TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

COMES NOW Travelers Casualty Insurance Company of America (hereafter "Travelers"), Defendant in the above-styled action, and files this Answer and Affirmative Defenses to Plaintiff Vintage and Vogue, LLC and I Do and I'm Done, LLC's (collectively, "Plaintiffs") Complaint, showing this Honorable Court the following:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted and therefore must be dismissed.

**SECOND AFFIRMATIVE DEFENSE**

Travelers shows that Plaintiffs' Complaint must be dismissed because the insurance agreement governing the relationship between the parties does not provide for the damages alleged by the Plaintiffs. In addition, no coverage exists as Plaintiffs did not file a complaint within the policy's two-year suit limitations period. The insurance agreement provides as follows:

> *4. LEGAL ACTION AGAINST US*
>
> *No one may bring a legal action against us under this Coverage Form unless:*
>
> a.   *There has been full compliance with all of the terms of this Coverage Form; and*
> b.   *The action is brought within 2 years after the date on which the direct physical loss or damage occurred.*

Thus, because Plaintiffs reported to Travelers that the loss occurred in late March, 2013 and the Complaint was filed on May 12, 2016, the lawsuit was not filed within two years after the loss, and therefore, the lawsuit is time barred.

**THIRD AFFIRMATIVE DEFENSE**

Travelers further shows that Plaintiffs' Complaint must be dismissed because the insurance agreement governing the relationship between the parties does not provide for the damages alleged by the Plaintiffs, as Plaintiffs did not file a complaint within the policy's two-year suit limitations period. Plaintiffs originally filed suit in Fulton County Superior Court against Defendant on

September 16, 2015 under Civil Action File No. 2015CV265761. Defendant timely removed this action to federal court on October 14, 2015 based on diversity of citizenship jurisdiction. This federal court action was given Civil Action File No. 1:15-CV-03636-AT. On April 21, 2016, this honorable court dismissed Plaintiffs' original action for failure to prosecute. Because the present action was filed on May 12, 2016, over six (6) months after both the running of the suit limitations period and the filing of the original complaint, the second complaint does not "relate back" to the original filing date under O.C.G.A. § 9-11-4. As such, this action is time-barred.

### FOURTH AFFIRMATIVE DEFENSE

Travelers shows that Plaintiffs' Complaint must be dismissed because even though the present action was filed within six (6) months of the dismissal of Plaintiffs' earlier action, the original action was not timely filed. Thus, Plaintiffs may not renew the present action under O.C.G.A. § 9-2-61(a).

### FIFTH AFFIRMATIVE DEFENSE

Travelers shows that Plaintiffs' Complaint must be dismissed because the insurance agreement governing the relationship between the parties does not provide for the damages alleged by the Plaintiffs, as Plaintiffs did not give ***prompt notice*** of any loss as required under the governing policy. Plaintiffs waited

approximately two years and two months to notify Travelers of the loss, a lapse in time that made it impossible for Travelers to examine the allegedly damaged property. The insurance agreement provides in relevant part as follows:

### E. PROPERTY LOSS CONDITIONS

### 3. DUTIES IN THE EVENT OF LOSS

a. *You must see that the following are done in the event of loss or damage to Covered Property:*

*\*\*\**

(2) *Give us **prompt notice** of the loss or damage. Include a description of the property involved.*
(3) *As soon as possible, give us a description of how, when and where the loss or damage occurred.*

### SIXTH AFFIRMATIVE DEFENSE

Travelers shows that Plaintiffs' Complaint must be dismissed because the insurance agreement governing the relationship between the parties does not provide for the damages alleged by the Plaintiffs, as the policy excludes the following causes of loss:

### B.   EXCLUSIONS

2. *We will not pay for loss or damage caused by or resulting from any of the following:*

*\*\*\**

d. (7) *The following causes of loss to personal property:*
   (a) *Dampness or dryness of atmosphere;*
   (b) *Changes in or extremes of temperature;*

*\*\*\**

   (c) *Evaporation or leakage;*

4

## SEVENTH AFFIRMATIVE DEFENSE

Travelers shows that Plaintiffs' Complaint must be dismissed because the insurance agreement governing the relationship between the parties does not provide for the damages alleged by the Plaintiffs, as the policy excludes the following causes of loss:

### B.   EXCLUSIONS

2. *We will not pay for loss or damage caused by or resulting from any of the following:*

   \*\*\*

   f. *Continuous or repeated seepage or leakage of water, or the presence of humidity, moisture or vapor, that occurs over a period of 14 days or more.*

## EIGHTH AFFIRMATIVE DEFENSE

Travelers shows that Plaintiffs' Complaint must be dismissed because the insurance agreement governing the relationship between the parties does not provide for the damages alleged by the Plaintiffs to the extent that one or both of the policies at issue do not reflect 647 South Atlanta Street as the location associated with insurance coverage, as the policy provides:

### A.   COVERAGE

*We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from a Covered Cause of Loss.*
1. *Covered Property*
   b. **Business Personal Property** *located in or on the buildings described in the Declarations or in the*

5

> open (or in a vehicle) within 1,000 feet of the described premises, including:
> (1) Property owned by you and used in your business;

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' allegations of bad faith failure to pay are without any basis in fact or law and are barred since Travelers did not refuse to pay based upon an unreasonable interpretation of the policy provisions as applied to the circumstances known. This determination represents a substantial legal basis for Travelers' payment and denial of Plaintiffs' additional claim for damages, and therefore, Travelers' conduct was in good faith.

### TENTH AFFIRMATIVE DEFENSE

The penalties set forth in O.C.G.A. § 33-4-6 are Plaintiffs' exclusive remedies for alleged bad faith, and therefore, to the extent Plaintiffs' Complaint seeks extra-contractual damages not provided in O.C.G.A. § 33-4-6, Plaintiffs' Complaint fails to state a cause of action and should be dismissed.

### ELEVENTH AFFIRMATIVE DEFENSE

Pending further investigation and discovery, Travelers reserves the right to bring any and all affirmative defenses available to it under the Federal Rules of Civil Procedure and any applicable defenses under the laws of the State of Georgia.

## TWELFTH AFFIRMATIVE DEFENSE

In response to the specific allegations contained in the Plaintiffs' Complaint, and while at all times reserving the defenses previously raised by Travelers, as well as those which may be added by amendment in the future after further discovery and investigation, Travelers states the following:

1.

Travelers is without sufficient information to either admit or deny the allegations contained in Paragraph 1 of Plaintiffs' Complaint, and therefore, places Plaintiffs on strict proof of the same.

2.

Travelers is without sufficient information to either admit or deny the allegations contained in Paragraph 2 of Plaintiffs' Complaint, and therefore, places Plaintiffs on strict proof of the same.

3.

Travelers admits the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

## **JURISDICTION AND VENUE**

4.

Defendant admits the allegations contained in Paragraph 4 of Plaintiffs' Complaint, but to the extent Plaintiffs imply or infer that this action is not removable to Federal Court, said allegations are hereby denied.

5.

In response to Paragraph 5 of the Complaint, Travelers admits that Fulton County Superior Court could have personal jurisdiction under O.C.G.A. § 9-10-91(1), as a company transacting business within the state, but specifically denies any allegation of liability or fault. In addition, to the extent Plaintiffs imply or infer that this action is not removable to Federal Court, said allegations are hereby denied.

6.

Travelers admits the allegations contained in Paragraph 6 of Plaintiffs' complaint, but specifically deny any allegation of liability or fault contained therein. In addition, to the extent Plaintiffs imply or infer that this action is not removable to Federal Court, said allegations are hereby denied.

7.

Travelers is without sufficient information upon which to admit or deny the allegations contained in Paragraph 7 of the Complaint, and thus places Plaintiffs upon strict proof of the same as though denied.

## **FACTUAL ALLEGATIONS**

8.

Upon information and belief, Travelers admits the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9.

In response to Paragraph 9 of the Complaint, Travelers admits that Plaintiffs have occupied 647 Atlanta Street, Roswell, GA 30075, but do not have sufficient information upon which to admit or deny the length of time in which Plaintiffs occupied such space. Thus, Travelers places Plaintiffs upon strict proof of the allegation that Plaintiffs occupied 647 Atlanta Street for 3 years. Furthermore, Travelers is without sufficient information or knowledge to admit or deny the relative "success" of Plaintiff Vintage and Vogue, LLC or Plaintiff I Do and I'm Done, LLC, thus Travelers denies any allegations of this perceived success, placing Plaintiffs on strict proof of the same. Upon information and belief, Travelers admits that Plaintiff Vintage and Vogue, LLC opened in November 2010 and Plaintiff I Do and I'm Done opened in May 2012. All other allegations not specifically responded to in Paragraph 9 of Plaintiffs' Complaint are hereby denied.

10.

Travelers has no way of knowing which times Plaintiffs finds relevant, thus the allegations in this paragraph are denied as stated. Travelers admits that it issued Plaintiffs a business insurance policy, providing certain coverage. Travelers shows that the policy governing the relationship with Plaintiff Vintage and Vogue, LLC was in effect during the following dates: August 30, 2010 through August 30, 2011, August 30, 2011 through August 30, 2012, and August 30, 2012 through August 30, 2013. Travelers shows that the policy governing the relationship with Plaintiff I Do and I'm Done, LLC was in effect during the following dates: March 8, 2012 through March 8, 2013. The remaining allegations are hereby denied.

11.

In response to Paragraph 11 of the Complaint, Travelers admits that 647 Atlanta Street is located in Roswell, Georgia. Travelers is without sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 11 of Plaintiffs' Complaint and thus places Plaintiffs upon strict proof of the same.

12.

In response to Paragraph 12 of Plaintiffs' Complaint, Travelers lacks sufficient information to either admit or deny the allegations contained therein.

Thus, Travelers places Plaintiffs upon strict proof of all allegations contained in Paragraph 12 of the Complaint.

13.

Travelers is without sufficient knowledge or information upon which to admit or deny the allegations contained in Paragraph 13 of Plaintiffs' Complaint, and thus, places Plaintiffs upon strict proof of the same. Furthermore, Travelers is without sufficient knowledge or information to identify or verify the correctness of the exhibit referenced in Paragraph 13 of the Complaint and thus places Plaintiffs upon strict proof of the same. Travelers specifically denies any allegation or indication of fault on the part of Travelers contained in Paragraph 13.

14.

Travelers is without sufficient knowledge or information upon which to admit or deny the allegations contained in Paragraph 14 of Plaintiffs' Complaint, and thus, places Plaintiffs upon strict proof of the same. Furthermore, Travelers specifically denies any allegation or indication of fault on the part of Travelers implied therein.

15.

Travelers is without sufficient knowledge or information upon which to admit or deny the allegations contained in Paragraph 15 of Plaintiffs' Complaint,

and thus, places Plaintiffs upon strict proof of the same. Travelers specifically denies any allegation or indication of fault on the part of Travelers implied therein.

16.

Travelers is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 16 of Plaintiffs' Complaint, and thus, places Plaintiffs upon strict proof of the same. Furthermore, Travelers is without sufficient knowledge or information to admit to the authenticity of any Exhibit B to Paragraph 16, and thus, places Plaintiffs upon strict proof of the same. Travelers specifically denies any allegation or indication of fault on the part of Travelers implied therein.

17.

In response to Paragraph 17 of the Complaint, Travelers admits that Plaintiffs contacted Travelers Service Center to notify Travelers of structural and mold problems, but upon information and belief, contends that this contact occurred on September 24, 2013. Thus, Travelers denies that this contact occurred on September 23, 2013. Travelers does not have sufficient information upon which to admit or deny the remaining allegations contained in Paragraph 17 of the Complaint, including the date in which Plaintiffs vacated the premises and moved inventory into storage, and place Plaintiffs upon strict proof of the same.

18.

In response to Paragraph 18 of the Complaint, Travelers admits that Plaintiffs filed suit against their landlord-owners in Fulton County Superior Court. As to the remaining allegations contained in Paragraph 18 of the Complaint, including Plaintiffs' recovery, Travelers is without sufficient information or knowledge upon which to respond, and thus, places Plaintiffs upon strict proof of the same.

## **COUNT 1: BREACH OF CONTRACT**

19.

The allegations contained in Paragraph 19 of the Complaint do not require a response from Travelers, but to the extent they do, said allegations are hereby denied.

20.

In response to Paragraph 20, Travelers admits that it provided certain policies with certain coverage as stated in such agreement to policyholders Vintage and Vogue, LLC and I Do and I'm Done, LLC. To the extent, however, Plaintiffs imply or infer that the damages sought are covered under the policies, said allegations are hereby denied. Travelers denies that any other entity issued the policies upon which Plaintiffs' claims are based.

21.

In response to Paragraph 21, Travelers admits that the Businessowner's Special Form includes a provision under Section A.1.b.(1)-(2) of the policy, providing in relevant part:

A. COVERAGE

\*\*\*

1. COVERED PROPERTY

\*\*\*

> b. *Business Personal Property located in or on the buildings described in the Declarations or in the open (or in a vehicle) within 1,000 feet of the described premises, including:*
> *(1) Property owned by you and used in your business;*
> *(2) Property of others that is in our care, custody or control;*

\*\*\*

Travelers denies the remaining allegations contained in Paragraph 21.

22.

In response to Paragraph 22 of the Complaint, Travelers admits that Vintage and Vogue, LLC was current on its premiums and the policy was in full force and effect, but to the extent that Plaintiffs imply or infer that the damages sought are covered under the Vintage and Vogue, LLC policy, said allegations are hereby denied. Travelers denies the allegations contained in Paragraph 22 of the Complaint as it relates to I Do and I'm Done, LLC.

23.

Travelers denies the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24.

Travelers denies the allegations contained in Paragraph 24 of Plaintiffs' Complaint.

## COUNT II: LOST PROFITS

25.

Travelers denies the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26.

Travelers has insufficient information and knowledge upon which to either admit or deny the allegations contained in Paragraph 26 of Plaintiffs' Complaint, placing Plaintiffs upon strict proof of the same.

27.

Travelers has insufficient information and knowledge to either admit or deny the allegations contained in Paragraph 27 of Plaintiffs' Complaint, placing Plaintiffs on strict proof of the same.

28.

Travelers denies the allegations as stated in Paragraph 28 of Plaintiffs' Complaint as stated.

## **COUNT III: BAD FAITH**

29.

The allegations contained in Paragraph 29 of the Complaint do not require a response from Travelers, but to the extent they do, said allegations are hereby denied.

30.

Travelers objects to Paragraph 30 of Plaintiffs' Complaint, as it is a mere statement of the law and does not require an admission or denial. To the extent that Paragraph 30 of Plaintiffs' Complaint infers or implies that Travelers is liable for the penalties provided in O.C.G.A. § 33-4-6 said allegations are hereby denied.

31.

In response to Paragraph 31 of the Complaint, Travelers admits that it has not made payment under the policy terms and denies that it is obligated to make such payments. Travelers denies the remaining inferences and allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32.

Travelers denies each and every allegation made in the Plaintiffs' Complaint except as expressly admitted above.

### THIRTEENTH AFFIRMATIVE DEFENSE

Travelers denies that Plaintiffs are entitled to judgment or relief of any kind, and specifically deny that Plaintiffs are entitled to relief prayed in Plaintiffs' Complaint, Paragraphs (a)-(f).

WHEREFORE, having responded to the allegations of Plaintiffs' Complaint, Travelers respectfully requests that:

1. Plaintiffs' Complaint be dismissed and discharged with all costs placed upon Plaintiffs for attorney's fees and expenses of litigation; and

2. Travelers be awarded such other further relief as the Court may deem just and proper.

Served this 13th day of June, 2016.

> DREW ECKL & FARNHAM, LLP
>
> */s/ Karen K. Karabinos*
> Karen K. Karabinos
> Georgia Bar No. 423906
> *Counsel for Travelers*

880 W. Peachtree Street (30309)

P. O. Box 7600
Atlanta, GA 30357
Phone: (404) 885-1400
Fax: (404) 876-0992

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day electronically filed this Certificate of Service of Travelers Casualty Insurance Company of America's Answer and Affirmative Defenses to Plaintiffs' Complaint. I have retained the originals and delivered a true and correct copy upon all parties to this matter by depositing copies of **TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following counsel of record:

SMITH, COLLINS & FLETCHER, P.A.
W. Anthony Collins, Jr.
Maud A. Pinter
Anthony@SCandF.com

FURTHERMORE, I hereby certify that I have this date served a copy of **TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**, on opposing counsel by depositing a true copy of the same into the United States Mail with adequate postage affixed thereto and properly addressed to:

W. Anthony Collins Jr.

Maud A. Pinter
Smith Collins & Fletcher P.A.
8565 Dunwoody Place
Building 15, Suite B
Atlanta, GA 30350

This 13th day of June, 2016.

                              DREW ECKL & FARNHAM, LLP

                              */s/ Karen K. Karabinos*
                              Karen K. Karabinos
                              Georgia Bar No. 423906
                              *Counsel for Travelers*

880 West Peachtree Street (30309)
P.O. Box 7600
Atlanta, GA 30357-0600
(404) 885-1400