# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **VINTAGE AND VOGUE, LLC and** | ) | |
| **I DO  AND I'M DONE, LLC,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION FILE NO.** |
| | ) | |
| **vs.** | ) | |
| | ) | **1:16-cv-01952-AT** |
| | ) | |
| **TRAVELERS CASUALTY** | ) | |
| **INSURANCE COMPANY** | ) | |
| **OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S INITIAL DISCLOSURES

COMES NOW Travelers Casualty Insurance Company of America ("Travelers"), Defendant in the above-styled action, and pursuant to Fed.R.Civ.P. 26(a)(1) and Local Rule 26.1, files these Initial Disclosures:

## Fed.R.Civ.P. 26(a)(1) Disclosures

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**Response:**

**Defendant is properly identified.**

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

**Response:**

**None.**

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

**Response:**

**All damages allegedly incurred by Plaintiffs in the present case stem from water damage to Plaintiffs' inventory and rented premises occurring in late April or early May, 2013. During that time, due to water leaks and the malfunctioning of the properties' HVAC unit, Plaintiffs claim that some of their inventory, as well as the rented premises, suffered damage.**

**The insurance policy issued by Travelers to Vintage and Vogue, LLC became effective on August 30, 2010, and was renewed at the end of each policy year through August 30, 2013. The insurance policy issued by Travelers**

to I Do and I'm Done, LLC became effective on March 8, 2012, and was renewed at the end of each policy year through March 8, 2014.

On or about September 24, 2013, Plaintiffs informed Travelers that they would be vacating 647 Atlanta Street, Roswell, Georgia 30075 due to structural and mold problems associated with the rental premises. Plaintiffs vacated the rental premises on or about October 1, 2013. On May 4, 2015, Maria Sullivan, Plaintiffs' representative, reported the loss to Travelers. In her initial notice of loss, Ms. Sullivan advised that the loss first started in March of 2013 and water damage caused problems until she vacated the rental premises in October of 2013. This May 2015 notice, occurring at least two years subsequent to the date of loss, does not comply with the policy's requirement that the insured provide "prompt notice" in the event of a loss. The failure to provide such timely notice inhibited Travelers from inspecting any alleged damage to business property, as Plaintiffs had vacated the rental premises a year and a half prior to providing Travelers notice of a claim under the policy.

On October 7, 2013, Plaintiffs filed suit against the landlord associated with the rental premises at 647 Atlanta Street, Roswell, GA 30075 in the Superior Court of Fulton County. Subsequently, on September 16, 2015,

Plaintiffs filed suit against Travelers and Travelers Indemnity Company, incorrectly identifying The Travelers Indemnity Company as an entity involved in the claim. That action, identical in almost every respect to the presently pending Complaint, alleged breach of contract and sought recovery for business property, lost profits, and bad faith damages. Defendants timely removed that action to Federal Court, where it was assigned Civil Action File No. 1:15-cv-03636-AT. When Plaintiffs twice failed to serve initial disclosures contrary to court order and failed to appear for a previously-scheduled discovery conference, that action was dismissed without prejudice for want of prosecution on April 21, 2016.

Less than one month later, on May 12, 2016, Plaintiffs filed the present action against Travelers Casualty Insurance Company of America. On June 13, 2016, the case was timely removed to this Court based on diversity of citizenship jurisdiction.

As in the previously-dismissed lawsuit, the present action is barred by the policy's suit limitations period. This suit limitation period requires Plaintiffs to file suit within two years after the date on which the direct physical loss or damage occurred. All losses in the present case stem from a direct physical loss from water damage occurring in March, April, or May of

2013. **Because the date of loss occurred over two years before Plaintiffs originally filed suit on September 16, 2015, Plaintiffs' suit is time barred, and must be dismissed.**

**Furthermore, Plaintiffs' alleged damages do not result from a covered cause of loss under the terms of the policy. Plaintiffs claim that business inventory suffered damage due to improperly sized heating ventilation and air conditioning units, which did not adequately control the humidity of the rental premises. Plaintiffs claim that the property's HVAC issues lasted over the course of four months. Plaintiffs also allege damages caused by pipe leakage and poor ventilation. The policy contains a clear exclusion for damages caused by "evaporation or leakage," "dampness or dryness of atmosphere," and "changes in or extremes of temperature." Thus, the policy does not provide coverage for the type of loss alleged by Plaintiffs.**

(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**<u>Response:</u>**

**<u>Breach of Contract</u>**

O.C.G.A. § 33-24-16 (2010); <u>Maxwell Bros. v. Liverpool & London & Globe Ins. Co</u>., 12 Ga. App. 127, 76 S.E. 1036 (1913). <u>Hendry v. Wells</u>, 286 Ga.App. 774, 650 S.E.2d 338 (2007). <u>Corporation of Mercer University v. National Gypsum Co.</u>, 258 Ga. 365, 368 S.E.2d 732 (1988).

<u>Bad Faith</u>

O.C.G.A. § 33-4-6; <u>Progressive Casualty Ins. Co. v. Avery,</u> 165 Ga. App. 703, 302 S.E.2d 605, 606, 220 Ga. 323, 138 S.E.2d 668, 669 (1964)); <u>Georgia International Life Ins. Co. v. Harden</u>, 158 Ga. App. 450, 280 S.E.2d 863 (1981); <u>Southern United Life Ins. Co. v. Nelson</u>, 151 Ga. App. 798, 261 S.E.2d 742 (1979); <u>Fortson v. Cotton States Mut. Ins. Co.</u>, 168 Ga. App. 155, 308 S.E.2d 382 (1983); <u>Colonial Life & Accident Insurance Company v. McClain</u>, 243 Ga. 263, 265 (1979); <u>Sentry Indemnity Co. v. Sharif</u>, 156 Ga. App. 828-29 (1980); <u>Interstate Life & Acc. Ins. Co. v. Williamson</u>, 110 Ga. App. 557, 139 S.E.2d 429, 431 (1964).

(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

**Response:**

**Please see Attachment A. Travelers reserves the right to supplement the response to such disclosure.**

(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

**Response:**

**Travelers has not yet identified any expert who is expected to testify at trial. It will supplement this response as required by the Federal Rules of Civil Procedure if and when such expert is identified.**

(7) Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**Response:**

**Please see Attachment C. Travelers will supplement this response as required by the Federal Rules of Civil Procedure if and when other responsive documents come into its possession.**

(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**<u>Response</u>:**

**Travelers does not claim any damages as part of this action.**

(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**<u>Response</u>:**

**None.**

(10) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**Response:**

**Attached as Attachment E is a copy of the policies issued to Plaintiffs by Travelers.**

Respectfully submitted this 13th day of July, 2016.

DREW ECKL & FARNHAM, LLP

*/s/Karen K. Karabinos*
Karen K. Karabinos
Georgia Bar No. 423906

*Counsel for Travelers*

880 W. Peachtree Street
P. O. Box 7600
Atlanta, GA  30357
Phone: (404) 885-1400
Fax: (404) 876-0992

Counsel for Defendant certifies that this pleading complies with Local Rule 5.1.  The type is Times New Roman, 14 point.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day electronically filed

**<u>DEFENDANT'S INITIAL DISCLOSURES</u>** with the Clerk of Court using the

CM/ECF system which will automatically send email notification of such filing to

the following counsel of record:

W. Anthony Collins Jr.
Maud A. Pinter
Smith Collins & Fletcher, P.A.
8565 Dunwoody Place
Building 15, Suite B
Atlanta, GA 30350
Anthony@SCPLegal.com

This 13th day of July, 2016.

*/s/ Karen K. Karabinos*
Karen K. Karabinos
Georgia Bar. No. 423906

*Counsel for Travelers*

880 W. Peachtree Street
P.O. Box 7600
Atlanta, GA 30357
(404) 885-1400
3177034/1
5657-81430

Counsel for Defendant certifies that this pleading complies with Local Rule 5.1.  The type is Times New Roman, 14 point.