**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **VINTAGE AND VOGUE, LLC and I DO AND I'M DONE, LLC,** | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION FILE NO. 1:16-cv-01952-AT** |
| **vs.** | ) | |
| **TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR RULE 11 SANCTIONS**

COMES NOW, TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA ("Travelers"), Defendant in the above-styled action, and pursuant to Rule 11 of the Federal Rules of Civil Procedure files this Memorandum of Law in Support of its Motion for Rule 11 Sanctions, showing the Court as follows:

## I. INTRODUCTION

The underlying lawsuit constitutes the second time Plaintiffs have filed a complaint against Travelers seeking coverage for water damage to inventory as well as business losses under insurance policies issued by Travelers. At the time of the loss, Plaintiffs operated consignment stores from a rental property located at

647 Atlanta Street, Roswell, Georgia 30075. Plaintiffs claim that in late March[1] of 2013, several articles of consigned clothing and shipping materials were damaged by "leaks in the ceiling and freestanding water in the basement, as well as the continuing problems with the HVAC unit . . ."[2] Plaintiffs did not notify Travelers of the loss until May 4, 2015. (Exhibit 2, Affidavit of Angel Merino, ¶ 5). At that point in time, Plaintiffs had relocated their businesses from 647 Atlanta Street and disposed of any inventory that Plaintiffs claim suffered damage. Because Plaintiffs, no longer occupied the loss location, Travelers could not inspect any damaged property or investigate Plaintiffs' claim. (Exhibit 2, Affidavit of Angel Merino, ¶ 8). Travelers denied Plaintiffs' claim on May 7, 2015. (Exhibit 2, Affidavit of Angel Merino, ¶ 9, Exhibit C thereto).

Plaintiffs initially filed suit on September 16, 2015 ("Suit I"). Exhibit 1, Affidavit of Karen K. Karabinos, ¶ 4, Exhibit A thereto). On October 2, 2015, shortly after this complaint was filed, Travelers' counsel wrote to Plaintiffs' counsel, noting the factual and legal insufficiencies of the complaint. (Exhibit 1, Affidavit of Karen Karabinos, ¶ 5, Exhibit B thereto). Specifically, Travelers' counsel showed that Plaintiffs' claims were barred by the policy's suit limitations provision and the policies requirement that an insured provide "prompt" notice of a

---

[1] Exhibit 2, Affidavit of Angel Merino, ¶ 7.
[2] Complaint, *Vintage & Vogue, LLC and I DO & I'm Done, LLC v. Travelers Casualty Insurance Company of America*, Civil Action File No. 1:16-cv-01952-AT at ¶ 14.

loss for which they seek insurance coverage.  This October 2, 2015 correspondence quoted the specific applicable policy provisions which did not provide coverage for Plaintiffs' loss. Nevertheless, Plaintiffs did not dismiss their suit at that time. Suit I proceeded to discovery, during which Travelers submitted written discovery requests to Plaintiffs. Plaintiffs did not submit timely responses to Travelers' discovery requests and did not submit written discovery to Travelers. (Exhibit 1, Affidavit of Karen K. Karabinos, ¶ 8). Plaintiffs also failed to file initial disclosures with this Court in violation of both Local Rule 26.1 and Fed.R.Civ.P. 26(a)(1). As a result, this Court dismissed Suit I without prejudice due to Plaintiffs' failure to prosecute.

After Suit I was dismissed, Plaintiffs filed the present, duplicate action on May 12, 2016 ("Suit II"). (See, Complaint, Exhibit 1, Affidavit of Karen K. Karabinos, ¶ 9 and 10). Again, counsel for Travelers sent correspondence to Plaintiffs' counsel, advising that the claims brought by Plaintiffs were barred under three separate provisions of the insurance policy. (Exhibit 1, Affidavit of Karen K. Karabinos, ¶ 11, Exhibit C thereto). Quoting the applicable policy provisions, counsel for Travelers showed that:

(1)   Plaintiffs filed suit was outside the policy's suit limitations provision;

(2)   Plaintiffs failed to provide "prompt" notice as required by the policy;

    (3) The policy did not provide coverage for Plaintiffs' alleged cause(s) of loss.

Counsel for Travelers also advised that if Plaintiffs did not file a stipulation dismissing the action against Travelers with prejudice within 21 days, Travelers would be forced to file a Rule 11 motion with the Court. Despite Travelers' numerous requests that Plaintiffs dismiss the present frivolous suit, and despite Plaintiffs' failure to investigate their claims and Travelers' defenses in the discovery phase of the prior suit, Plaintiffs failed to dismiss their current frivolous lawsuit. Therefore, Travelers has no choice but to file a Motion for Sanctions.

## ARGUMENT AND CITATION TO AUTHORITY

### A. PURPOSE OF RULE 11

"Rule 11 sanctions are designed to 'discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses.'" *Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir. 1993)(quoting *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987)(en banc)(quoting *Pin v. Texaco*, 793 F.2d 1448, 1455 (5th Cir. 1986); *United States v. Milam*, 855 F.2d 739, 742 (11th Cir. 1988). Rule 11 sanctions "may be imposed for the purpose of deterrence, compensation and punishment." *Didie v. Howes*, 988 F.2d at 1104 (quoting *Aetna Ins. Co. v. Meeker*, 953 F.2d 1328, 1334 (11th Cir. 1992)).

Rule 11(b) provides that in presenting any document to the court, "whether by signing, filing, submitting, or later advocating," an attorney certifies that he has conducted a reasonable inquiry and that, to the best of his knowledge, information, and belief, the pleading is well grounded in fact, legally tenable, and is not being filed for an improper purpose. Fed. R. Civ. P. 11(b); *Baker v. Alderman*, 158 F.3d 516, 524(11th Cir. 1998). Therefore, Rule 11 sanctions are warranted when an attorney or a claimant exhibits a "deliberate indifference to obvious facts." Id. (quoting *Davis v. Carl*, 906 F.2d 533, 537 (11th Cir. 1990)).

Rule 11 motions are tested under an objective standard. Specifically, the test is "reasonableness under the circumstances" and "what was reasonable to believe at the time" the document was submitted to the court. *Baker v. Alderman*, 158 F.3d at 524; *Aetna Insurance Co. v. Meeker*, 953 F.2d at 1331; *United States v. Milam*, 855 F.2d at 743.

The Eleventh Circuit follows a two step inquiry into Rule 11 motions. First, the Court must access whether the party's claims are objectively frivolous. Second, the Court must determine whether the person who signed the pleadings should have been aware the claims were frivolous. *Baker v. Alderman*, 158 F.3d at 524; *Jones v. International Riding Helmets, Ltd.*, 49 F.3d 692, 695 (11th Cir. 1995); *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996).

Under this scheme, the Eleventh Circuit has found that three types of conduct warrant Rule 11 sanctions. These are as follows: (1) when a party and their attorney files a pleading that has no reasonable factual basis; (2) when a party and their attorney files a pleading based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when a party and their attorney files a pleading in bad faith or for an improper purpose. *Baker v. Alderman*, 158 F.3d at 524; *Didie v. Howes*, 988 F.2d at 1104; *United States v. Milam*, 855 F.2d at 742. As explained below, the present litigation meets the first two of these three bases for sanctionable conduct. Indeed, under the objective standards of good faith of Rule 11, "[a]n empty head but a pure heart is no defense" for counsel's failure to understand a policy's suit limitations provision. *Lee v. Criterion Ins. Co.*, 659 F.Supp. 813, 822 (1987) citing *Thornton v. Wahl*, 787 F.2d 1151 (7th Cir. 1986).

If, after notice and a reasonable opportunity to respond, the court determines that a pleading, motion or other paper contravenes Rule 11, the court must impose sanctions for a violation. *Didie v. Howes*, 988 F.2d at 1104; *Collins v. Walden*, 834 F.2d 961, 964 (11th Cir. 1987). Both the signing attorney and/or the party represented are subject to appropriate sanctions. Fed. R. Civ. P. 11(c); *Didie v. Howes,* 988 F.2d at 1104; *Collins v. Walden*, 834 F.2d at 966, *Watkins v. Capital City Bank and LP*, 2016 WL 224123 (M.D.Ga. 2016). The sanctions that are

imposed should be sufficient to deter the offenders from engaging in similar conduct in the future, and may include, in addition to non monetary sanctions and penalties, an order directing payment to the moving party of the reasonable attorney's fees and other expenses incurred as a direct result of the violation.  Fed. R. Civ. P. 11(c)(2).

"When it becomes apparent that discoverable evidence will not bear out the claim, the litigant and his attorney have a duty to discontinue their quest." *Sada v. City of Altamonte Springs,* 2012 WL 503840, *9, 2012 U.S. Dist. LEXIS 18532 (11th Cir. 2012), citing *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991); citing *Collins v. Walden*, 834 F.2d 961, 965 (11th Cir. 1987). If it is "obvious from the outset" that arguments presented by a plaintiff had fatal shortcomings, then the case, as it was brought, is sanctionable. *Sada v. City of Altamonte Springs*, 2012 WL 503840 at *9. If it is clear that no evidence can be found to support the offending party's argument, and the offending party is provided with notice of the frivolous nature of a claim, sanctions are warranted from that point forward. *Id*.

As shown below, when Plaintiffs decided to file this current suit, it was "obvious from the outset" that Plaintiffs' claims could not succeed. As such, Travelers is entitled to sanctions in the form of reasonable costs, expenses, and attorneys' fees incurred in defending this action after the filing of Plaintiffs' Complaint.

**B. PLAINTIFFS HAVE VIOLATED RULE 11(b)(2) and (3)**

Plaintiffs' action is barred by the terms of the insurance policy under three, independently dispositive terms, and thus, is objectively frivolous, and legally and factually unwarranted in violation of Rule 11(b)(2) and (3).

First, the facts, as alleged by Plaintiffs, show that the suit was filed more than two years after "direct physical loss of, or damage to" covered property occurred, and thus, Plaintiffs' claims are barred by the policy's two-year suit limitations provision. Second, because Plaintiffs waited more than two years to notify Travelers of the loss, Plaintiffs did not provide "prompt notice" as required by the policy.[3] Lastly, the alleged cause of loss, including excess dampness or humidity in the atmosphere and continuous leakage, fall within express policy exclusions, and thus, Plaintiffs' claims are barred. Travelers cited and discussed each of these three defenses in its July 12, 2016 letter to Plaintiffs and their counsel.

**1. The policy's two-year suit limitations provision bars Plaintiffs' claims**

The policy controls the time frame in which Plaintiffs must bring legal action against Travelers. The policy provides:

---

[3] Plaintiffs allege that the loss occurred in "late March" 2013. Plaintiffs did not notify Travelers of the loss until May 4, 2015. At the point in which Plaintiffs gave notice to Travelers, Plaintiffs had already vacated the rental premises in which loss occurred. Thus, Travelers could not investigate the circumstances surrounding the loss.

*F. COMMERCIAL PROPERTY CONDITIONS*

*****

*4. Legal Action Against Us*

*No one may bring a legal action against us under this Coverage Form unless:*

*a. There has been full compliance with all of the terms of this Coverage Form; and*
*b. The action is brought within 2 years* ***after the date on which the direct physical loss or damage occurred.***

The policy's requirement that suit be brought within 2 years after the date on which "the direct physical loss or damage" occurs is consistent with the terms of the business income and extra expense coverage to be afforded by Travelers. That provision of the policy provides:

***BUSINESSOWNERS PROPERTY COVERAGE SPECIAL FORM MP T1 02 02 05***

*A. COVERAGE*

*We will pay for* ***direct physical loss of or damage to*** *Covered Property at the premises described in the Declarations caused by or resulting from a Covered Cause of Loss.*

***

*3. Business Income and Extra Expense*

***

*a. Business Income*

> *(2) We will pay for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration." The "suspension" must be* ***caused by direct physical loss of or damage to property at the described premises****. The loss or damage must be caused by or result from Covered Cause of Loss.*

(emphasis supplied).

In this case, Plaintiffs' representative Maria Sullivan originally reported to Travelers that water damage to their business inventory occurred in late March of 2013. In a separate complaint that Plaintiffs filed against their landlord, Plaintiffs reiterated that HVAC issues began in March of 2013.[4] Furthermore, in the lawsuit with the landlord, Plaintiffs claimed that "[i]n late April or early May 2013, because of a rusted out drain . . and . . the constantly working air-conditioning unit, brown water began pouring out of the ceiling above the retail space of I Do and I'm Done, damaging several veils . . ."[5] That damage is the same damage which Plaintiffs seek to recover in the current lawsuit against Travelers.

In the complaint, Plaintiffs allege that "[d]ue to leaks in the ceiling and freestanding water in the basement, as well as the continuing problems with the HVAC unit, Plaintiffs were forced to dispose of nearly seventy (70) articles of

---

4 Exhibit 3, Complaint, *Vintage & Vogue, LLC and I Do & I'm Done, LLC, v. W.B. Holdings – Atlanta Street, LLC*, Civil Action File No. 2013CV237408, at ¶s 21-26.

5 Exhibit 3, *Vintage & Vogue, LLC and I Do & I'm Done, LLC v. W.B. Holdings – Atlanta Street, LLC*, Civil Action File No. 2013CV237408, at ¶ 27.

consigned clothing, as well as packaging materials, storage boxes, and shipping boxes . . ."[6] Thus, any direct physical damage to Plaintiffs' inventory that forms the basis of the complaint against Travelers occurred between March and April of 2013.

Georgia courts have clearly held that "direct physical loss or damage" means "an actual change in the insured property then in a satisfactory state, occasioned by accident or other fortuitous event directly upon the property causing it to become unsatisfactory for future use or requiring that repairs be made to make it so." *AFLAC Inc. v. Chubb & Sons, Inc.*, 260 Ga. App. 306, 308, 581 S.E.2d 317 (2003) citing *Trinity Indus. v. Ins. Co. of North America*, 916 F.2d 267, 271 (5th Cir. 1990); *Wolstein v. Yorkshire Ins. Co*., 97 Wash.App. 201, 213, 985 P.2d 400 (1999); and *North American Shipbuilding, Inc. v. Southern Marine and Aviation Underwriting, Inc.*, 930 S.W.2d 829, 833 (Tex.App. 1996). In *AFLAC v. Chubb & Sons*, an insured sought coverage for costs it incurred in converting its computer systems from two-digit to four-digit date recognition capability in preparation of Y2K. 260 Ga.App. at 306. Finding that, because the computer incapability existed from the time it was created, there was "no change in such systems as evidenced by direct physical loss of or damage thereto as a result of a fortuitous event having

6 Exhibit 1, Affidavit of Karen K. Karabinos, Exhibit A thereto, Complaint, *Vintage & Vogue, LLC and I Do & I'm Done, LLC v. Travelers Casualty Insurance Company of America*, Civil Action File No. 2016CV274831, at ¶14.

been alleged." *Id*. at 308-309. Because any perceived damages resulted from a design limitation, rather than damage caused by a fortuitous event, the court granted the insurers motion for summary judgment. *Id*. at 309.

In the present case, the "actual change in the insured property" occurred when water and excess moisture began to damage Plaintiffs' business inventory in "late March" 2013. Thus, the two-year suit limitation provision began to run in late March of 2013. To file a timely Complaint against Travelers, Plaintiffs had at least until March 31, 2015. The record shows that Plaintiffs waited until September, 2015 to initiate suit against Travelers. Because Plaintiffs' filed suit five months after the policy's suit limitation provision had run, and because Travelers notified Plaintiffs that the allegations in their Complaint were time-barred, Travelers is entitled to recover attorney's fees incurred in defending this suit pursuant to Rule 11.

**2. Plaintiffs' claims are barred by the policy's requirement that an insured provide "prompt notice" of any loss.**

Plaintiffs did not notify Travelers of the loss that forms the basis of their Complaint until May 4, 2015, approximately two years after the alleged loss occurred in "late March" of 2013. The policy requires an insured to provide "prompt notice" of loss or damage as follows:

*E. Property Loss Conditions*

*The following conditions apply in addition to the Common Policy Conditions:*

***

***3. Duties in the Event of Loss or Damage***

*a. You must see that the following are done in the event of loss or damage to Covered Property:*

***

*(3) Give us prompt notice of the loss or damage. Include a description of the property involved.*

Waiting more than two years in notifying an insurer of a loss does not constitute prompt notice in Georgia. See, e.g., *Townsend v. Nat. Union Fire Ins. Co*., 196 Ga.App. 789, 397 S.E.2d 61 (1990) (notification over five years after incident untimely as matter of law where insured's only excuse for delay was not knowing he was covered); *Snow v. Atlanta Intl. Ins. Co.*, 182 Ga.App. 1, 354 S.E.2d 644 (1987) (ten-month delay in notification unexcused and unreasonable as matter of law where insured claimed he did not know which company carried insurance on tractor-trailer); *Protective Ins. Co. v. Johnson*, 256 Ga. 713, 714, 352 S.E.2d 760 (1987).

"The purpose of notice is to enable the insurer to inform itself promptly concerning the accident, so that it may investigate the circumstances, prepare for a defense, if necessary, or be advised it is prudent to settle any claim arising therefrom." *Manzi v. Cotton States Mut. Ins. Co.*, 243 Ga.App. 227, 280-281, 531

S.E.2d 277 (2000); quoting *Kitt v. Shield Ins. Co.*, 240 Ga. 619, 241 S.E.2d 824 (1978); quoting *Public National Ins. Co. v. Wheat*, 100 Ga.App. 695, 698, 112 S.E.2d 194 (1959). A Georgia insurer does not have to prove that it has been prejudiced by an insured's untimely notice of the claim to prevail on this defense. *Caldwell v. State Farm Fire & Cas. Ins. Co.*, 192 Ga.App. 419, 385 S.E.2d 97 (1989); *Richmond v. Georgia Farm Bureau Mut. Ins. Co.,* 140 Ga.App. 215, 222, 213 S.E.2d 245 (1976). In this case, however, Travelers clearly has been prejudiced by Plaintiffs' failure to provide prompt notice of the loss for over two years following the loss.

Because of this untimely notice, Travelers could not inspect the rental property, observe any allegedly damaged property, investigate the alleged cause of any water damage, or otherwise "investigate the circumstances, prepare for a defense, if necessary, or be advised it is prudent to settle any claim arising therefrom." *Manzi v. Cotton States Mut. Ins. Co.*, 243 Ga.App. at 280-281. Travelers thus has suffered clear prejudice due to Plaintiffs' failure to provide "prompt" notice as required by the policy. As such, Plaintiffs' refusal to dismiss its Complaint is sanctionable under F.R.C.P. 11.

## III. Plaintiffs' claims are barred because the cause of loss falls within an explicit policy exclusion.

In the lawsuit, Plaintiffs claim that damages to their business inventory were caused by a heating ventilation and air conditioning unit which "was the incorrect

size and inadequate to provide humidity control for the spaces."[7] The policy, however, does not provide coverage for damages caused by the presence of humidity. The applicable policy exclusion provides as follows:

***B. EXCLUSIONS***

> 2. *We will not pay for loss or damage caused by or resulting from any of the following:*
>
> ***
>
> *d.* *(7)* *The following causes of loss to personal property:*
> *(a)* *Dampness or dryness of atmosphere;*
> *(b)* *Changes in or extremes of temperature;*
>
> ***
>
> *(c)* *Evaporation or leakage;*
>
> *f.* *Continuous or repeated seepage or leakage of water, or the presence of humidity, moisture or vapor, that occurs over a period of 14 days or more.*

In order for the exclusion to apply, the presence of humidity must have occurred over a period of 14 days or more. Plaintiffs' own admissions establish that the loss occurred for more than 14 days. In the complaint Plaintiffs filed against their former landlord, they claimed that the property's HVAC issues lasted "[o]ver the

---

[7] Exhibit 3, *Vintage & Vogue, LLC and I Do & I'm Done, LLC v. Travelers Casualty Insurance Company of America*, Civil Action File No. 2016CV274831, at ¶ 12.

course of over four months – from March 2013 until the third week of July 2013."[8]

Furthermore, Plaintiffs indicated in their interrogatory responses that business operations were continually interrupted during its tenancy as follows:

> **Interrogatory No. 5:** Please identify the exact (M/D/Y – M/D/Y in which you claim that your normal business operations were interrupted or suspended due to damages occurring at 647 Atlanta Street, Roswell, Georgia 30075 (hereinafter the "rental premises").
>
> **Response:** Subject to and without waiving the General and Specific objections, Plaintiffs answers as follows: Operations were interrupted or suspended repeatedly and intermittently during Plaintiff entities' entire tenancy.

(Exhibit 4, ¶ 5; Exhibit 5, ¶ 5). As such, four months of continual exposure and "repeated" interruption during Plaintiffs' eight-month tenancy[9] clearly exceeds the policy's exclusion for 14 or more days of contact with water, humidity and moisture.

---

[8] Exhibit 3, *Vintage & Vogue, LLC and I Do & I'm Done, LLC, v. W.B. Holdings – Atlanta Street, LLC*, Civil Action File No. 2013CV237408, at ¶ 24.

[9] Plaintiff's lease at the loss location began on February 7, 2013. (See, Exhibit 3, *Vintage & Vogue, LLC and I Do & I'm Done, LLC, v. W.B. Holdings – Atlanta Street, LLC*, Civil Action File No. 2013CV237408, at ¶ 10). Plaintiffs contend that they vacated the loss location on or about October 1, 2013. (Complaint, *Vintage & Vogue, LLC and I DO & I'm Done, LLC v. Travelers Casualty Insurance Company of America*, Civil Action File No. 1:16-cv-01952-AT at ¶ 17). Thus, Plaintiffs occupied the loss location for approximately 8 months.

Plaintiffs also alleged that further damages resulted from "poor ventilation, leaks, free standing water, and a lack of air conditioning."[10] These damages also fall within the above-referenced exclusion for damages caused by "evaporation or leakage," "dampness or dryness of atmosphere," and "changes in or extremes of temperature." Because it is undisputed that the alleged damages are not caused by a covered cause of loss, and because Travelers previously notified Plaintiffs of the applicable policy exclusion, Travelers is entitled to sanctions in the form of attorney's fees incurred in the defense of this litigation.

## IV. Conclusion

As set forth above, Rule 11 sanctions are clearly warranted in this case. In addition, Plaintiffs in their Initial Disclosures could cite no case law, statute, or other legal precedent supporting their claims against Travelers. Rather, in their initial disclosures, they simply stated that "Plaintiffs are still determining what other legal provisions and/or illustrative case law may apply." (Doc. 6, ¶ (1)(2)). Plaintiffs also identified no facts supporting their claims for bad faith against Travelers, as evidenced by the following interrogatory response:

> **Interrogatory No. 20:** Please state each and every fact upon which you contend that Travelers acted in bad faith in denying your claimed loss:

---

10 Exhibit 1, Affidavit of Karen K. Karabinos, Exhibit A thereto, Complaint, *Vintage & Vogue, LLC and I Do & I'm Done, LLC v. Travelers Casualty Insurance Company of America*, Civil Action File No. 2016CV274831, at ¶ 16.

> **Response:** (following objections) Plaintiffs made a demand for payment of September 2013, putting Defendant on notice. Once demand was made, Defendant denied the claim.

(Exhibit 4, ¶ 20; Exhibit 5, ¶ 20). Accordingly, Travelers has been forced to defend this suit since September 16, 2015, on the date it was served with Plaintiffs' initial lawsuit, until Suit I was dismissed on April 21, 2016. Despite having five months to investigate their claims and defenses, Plaintiffs did not conduct any written discovery during Suit I. (Exhibit 1, Affidavit of Karen K. Karabinos, ¶ 8).

A failure to make a reasonable inquiry into the facts and law where there is no reasonable basis to believe that the legal contentions are warranted is a basis for the imposition of sanctions under Rule 11. See, e.g., *Battles v. City of Ft. Myers,* 127 F.3d 1298 (11th Cir. 1997); *Harris v. Heinrich*, 919 F.2d 1515 (11th Cir. 1990). The record establishes that both Plaintiffs and their attorney exhibited a "deliberate indifference to obvious facts" and filed multiple complaints against Travelers with no reasonable factual or legal basis. Accordingly, Travelers requests the Court to award Rule 11 sanctions, jointly and severally against Plaintiffs and their counsel, in the form of the costs and attorney fees expended by Travelers in defending this suit.

This 19th day of August, 2016.

Respectfully submitted,

*/s/ Karen K. Karabinos*
Georgia Bar No. 423906

*/s/ Mary Alice L. Jasperse*
Georgia Bar No. 971077

*Counsel for Travelers*

880 W. Peachtree Street (30309)
P.O. Box 7600
Atlanta, GA 30357-0600
Phone: (404) 885-1400
Fax: (404) 876-0992

Counsel certifies that this pleading complies with Local Rule 5.1.
The type is Times New Roman, 14 point.

6620782/1

05657-117037

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day electronically filed this **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR RULE 11 SANCTIONS** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following counsel of record:

W. Anthony Collins
Maud A. Pinter
Smith, Collins & Fletcher, P.A.
8565 Dunwoody Place
Building 15, Suite B
Atlanta, GA 30350

This 19th day of August, 2016.

*/s/ Karen K. Karabinos*
Georgia Bar No. 423906