IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VINTAGE AND VOGUE, LLC AND
I DO AND I'M DONE, LLC,

Plaintiffs,

vs.

THE TRAVELERS INDEMNITY
COMPANY,

Defendants.

Civil Action No. 1:15-CV-03636-AT

## PLAINTIFFS' ANSWERS AND OBJECTIONS TO DEFENDANTS FIRST INTERROGATORIES

COMES NOW, Vintage and Vogue, LLC (hereinafter "V&V")and I Do and

I'm Done, LLC (hereinafter "IDID") (collectively, "Plaintiffs"), and hereby file

their answers and objections to Defendants' First Interrogatories, a true and correct

copy of the responses being served upon Defendants' attorneys at Drew Eckl &

Farnham, LLP, P.O. Box 7600, Atlanta, Georgia 30357.

**I.**

## RESERVATION OF RIGHTS

1.      In responding to these discovery requests, Plaintiffs do not waive any

objection, which may be appropriate to either (a) the use of any response to these

discovery requests for any purpose or (b) the relevance or materiality of any of the

responses to any issue in this case.

1



EXHIBIT
"5"

2.     Plaintiffs specifically reserve all rights to objections which may otherwise be available to him and further state that no response shall be deemed an admission of relevancy, materiality, or admissibility in evidence. Plaintiffs further reserve the right to alter or amend their responses should more accurate information become available at a subsequent time.

3.     The responses provided herein are subject to the rights of Plaintiffs to object on any ground at any time to a demand for further responses to these discovery requests or other discovery procedures involving or relating to the subject matter of this action.

## II.

## <u>GENERAL OBJECTIONS</u>

Plaintiffs incorporate by reference the following General Objections into each of their answers to the discovery requests:

1.     Plaintiffs object to any instructions or discovery requests to the extent they request the provision of information subject to the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity from disclosure afforded Plaintiffs by law.

2.     Plaintiffs object to any instructions or discovery requests which purport to require the provision of information not in the possession, custody or control of Plaintiffs or which can be obtained from public records.

2

3.    Plaintiffs object to any instructions or discovery requests that seek information not relevant to the subject matter of this action; information beyond the applicable scope of discovery; or information not reasonably calculated to lead to the discovery of admissible evidence in this action.

4.    Plaintiffs object to any instructions or discovery requests to the extent that they are overly broad, unduly burdensome, or call for extensive research, investigation, information or identification of documents which would subject Plaintiffs to annoyance, embarrassment, oppression or undue burden or expense or which were propounded merely to harass.

5.    Plaintiffs object to any instructions or discovery requests to the extent that they require the provision of information which Plaintiffs hold as confidential or trade secrets and for which no Confidentiality Agreement and/or Protective Order has been entered by the Court.

## III.

## SPECIFIC OBJECTIONS

In order to more succinctly respond to Defendants' discovery requests, the following specific objections will apply as if the answer fully incorporates these objections hereinafter set forth:

1.    Plaintiffs object to these discovery requests to the extent they can be construed to seek information or documents that are not relevant to the subject

3

matter of this action or that are neither admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence. To the extent that Plaintiffs respond to such discovery requests, Plaintiffs do not concede that the information requested is relevant to this action. Plaintiffs expressly reserve the right to object to further discovery into the subject matter of any of these discovery requests.

2.      Plaintiffs object to these discovery requests to the extent that they are vague, overly broad, unduly burdensome, oppressive, or premature, and thus not susceptible to response at this time.

3.      Plaintiffs object to the form of the discovery requests for reasons of vagueness and over breadth, and to the practical requirement that the Plaintiffs redefine them for purposes of limiting their responses to information that is relevant and material.

4.      Plaintiffs object to all discovery requests seeking identification of "each," "every," "all," or "any" facts, language, documents, information or persons which may be related to a specific point or points, as being unduly burdensome, and not within the practical capabilities of Plaintiffs. In each case some answer is provided, such answer is based upon all information obtained by a logically directed search through the records of Plaintiffs. Plaintiffs have not undertaken or

4

completed a review of every document they retain, and object to any purported requirement that they do so.

5.    Plaintiffs object to all discovery requests as unduly burdensome and oppressive insofar as they seek information not within Plaintiffs' knowledge, information and/or already in Plaintiffs' possession, custody or control, or information that is unreasonably cumulative or duplicative.

6.    Plaintiffs reserve their right to object to the admission into evidence any and all information made available in response to Defendants' discovery requests on any ground including, but not limited to, relevance and materiality. These objections and responses are based upon information developed and documents reviewed to date, and will be amended as required by the Rules and such further orders of the Court as may be entered.

7.    Plaintiffs object to each discovery request to the extent that it seeks information the disclosure of which would violate the privacy rights of individuals or that would result in the disclosure of confidential commercial information, trade secrets, or proprietary information.

8.    Plaintiffs object to any discovery requests that demand information immune from disclosure under attorney-client privilege, attorney work product doctrine, or any other privilege, protection, or immunity provided by law.

9.     Plaintiffs object to all discovery requests to the extent that they may be interpreted to seek disclosure of the opinions, mental impressions, conclusions and legal theories of Defendants or their counsel, or fall within the work product doctrine or its privileges including confidential or proprietary information and trade secrets.

10.     Plaintiffs object to all discovery requests to the extent that they require Plaintiffs to provide information supporting their present contentions and to speculate as to their future contentions prior to the completion of discovery. Such requests call for speculation and legal conclusions and are unduly burdensome.

11.     Plaintiffs' responses to these discovery requests are based upon information presently available. Plaintiffs have not completed their preparation for trial. Accordingly, these responses are made without prejudice to Plaintiffs' rights to present additional evidence or contentions at trial based upon information later obtained or evaluated. Plaintiffs reserve the right to supplement or amend their responses or present additional evidence or contentions at a later date.

## IV.

## ANSWERS AND OBJECTIONS TO SPECIFIC INTERROGATORIES

**INTERROGATORY NO. 1**: Please identify each and every instance in which Plaintiffs or their owner Maria Sullivan have been a party to a civil action in the state of Georgia from January 1, 2012 until September 15, 2015, stating the style of

6

the case, docket number, court, the substance of the litigation and the disposition of the case.

**RESPONSE:**  Plaintiffs and Plaintiffs' counsel object to the Interrogatory on the grounds that it:

    1)  Is overbroad and unduly burdensome;

    2)  Is vague and ambiguous;

    3)  Seeks to intrude on the attorney-client privilege; and

    4)  Is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs respond as follows:

Vintage and Vogue, LLC and I Do and I'm Done, LLC v. W.B. Holdings – Atlanta Street, LLC, Superior Court of Fulton County, Case Number 2013-CV-237408. Dismissed with prejudice pursuant to joint stipulation.

**INTERROGATORY NO. 2:** Please itemize each and every individual item of damage you are claiming under the Policy in this action, including the following:

    (a) The date the damage was first discovered;

    (b) The description of the damages when discovered;

    (c) The date you first notified Travelers of the damage;

    (d) The date you notified Travelers that you were seeking coverage under the policy for any damages accrued;

(e) The amount, if any, you paid for any costs associated with these damages;

(f) Any estimates you have regarding the amount of any damage; and

(g) The name, address and telephone number of any person to whom you paid any money regarding these damages, including consignors of Plaintiff entities who were reimbursed for damaged inventory.

**RESPONSE:** Plaintiffs and Plaintiffs' counsel object to the Interrogatory on the grounds that it:

1) Is overbroad and unduly burdensome; and

2) Is vague and ambiguous.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs respond as follows: Please see attachment.

**INTERROGATORY NO. 3:** Please identify the name(s), address(es) and telephone number(s) of all accountants or keepers of financial records employed by you since your inception.

**RESPONSE:** Plaintiffs and Plaintiffs' counsel object to the Interrogatory on the grounds that it:

1) Is overbroad and unduly burdensome;

2) Is vague and ambiguous;

3) Seeks otherwise privileged information; and

4) Calls for information that is irrelevant and is not reasonably calculated to

lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific objections,

Plaintiffs answer as follows: Accountant: John Miller: phone: 770-419-3399;

address: 1033 Sandy Plains Road Suite E, Marietta, GA  30066

**INTERROGATORY NO. 4:** Please identify with reasonable particularity all

books, documents or other tangible things and give the name, address and

telephone number of the person or persons having possession, custody or control of

each such document or tangible things that are relevant to your response to number

2, including documentation of your history of profitability since the inception of

Plaintiff entities supporting your claim for lost profits.

**RESPONSE:** Plaintiff and Plaintiffs' counsel object to the Interrogatory as:

1) Being overbroad and unduly burdensome;

2) Being vague and ambiguous;

3) Seeking confidential information; and

4) The number of interrogatories propounded, including subparts, exceeds the

number permitted by law.

Subject to and without waiving the General and Specific objections,

Plaintiffs answers as follows: Several employees have been hired through a second

9

chance program and once had access.  Those employees include: Rhiannon Bruns, Olivia O'Fallon, Carol Grosz, and Tiffany Pierce

**INTERROGATORY NO. 5:** Please identify the exact (M/D/Y – M/D/Y) in which you claim that your normal business operations were interrupted or suspended due to damages occurring at 647 Atlanta Street, Roswell, Georgia 30075 (hereinafter the "rental premises").

**RESPONSE:**  Subject to and without waiving the General and Specific objections, Plaintiffs answers as follows:  Operations were interrupted or suspended repeatedly and intermittently during Plaintiff entities' entire tenancy.

**INTERROGATORY NO. 6:** Please provide the net income (profits or losses) incurred by Plaintiff entities from January 1, 2010 – September 15, 2015.

**RESPONSE:**  Plaintiff and Plaintiffs' counsel object to the Interrogatory as:

1) Being overbroad and unduly burdensome;

2) Being vague and ambiguous;

3) Seeking confidential information; and

4) The number of interrogatories propounded, including subparts, exceeds the number permitted by law.

Subject to and without waiving the General and Specific objections, Plaintiffs answers as follows:

The following response contains information for *all* locations of both stores.

| VINTAGE AND VOGUE | Gross Sales | Losses (includes rent, labor, utilities, marketing) | Profits | Other expenses | |
|---|---|---|---|---|---|
| 2010 (55 Park Square) | $8,461.00 | $1,910.00 | $6,551.00 | n/a | |
| 2011 (55 Park Square) | $61,714.00 | $25,720.00 | $35,994.00 | n/a | |
| 2012 (55 Park Square) | $49,349.00 | $22,700.00 | $26,579.00 | n/a | |
| January 2013 – April 2013 (55 Park Square) | $15,524.00 | $6,160.00 | $9,364.00 | | |
| May 2013 – September 2013 (647 Atlanta Street) | $7,011.00 | $6,825.00 | $186.00 | | |
| 2014 | | | | | |
| 2015 | | | | | |

| I Do and I'm Done (Opened May 2012) | Gross Sales | Losses (includes rent, labor, utilities, marketing) | Profits | Other expenses | |
|---|---|---|---|---|---|
| May 2012 – December 2012 (43 Park Square) | $33,632.00 | $20,650.00 | $12,982.00 | n/a | |

| January 2013 — February 2013 (43 Park Square) | $16,247.00 | $14,800.00 | $1,447.00 | | |
| March 2013 — September 2013 (647 Atlanta Street) | $10,653.00 | $18,340.00* <br><br> *$8,280.00 for HVAC | ($7,687.00) | | |
| 2014 | | | | | |
| 2015 | | | | | |

Please also see Response to Defendant's Request for Production of Documents No. 2.

**INTERROGATORY NO. 7:** Please identify with reasonable particularity each and every consignor or client whose property was damaged while it was in your possession, including a description of the inventory, retail value of the property, amount paid to the consignor/client, and the consignor/client's name, telephone number, and address.

**RESPONSE:**

1) Being overbroad and unduly burdensome;

2) Being vague and ambiguous;

3) Calling for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence,

12

4) Seeking otherwise privileged information,

5) Seeking confidential information; and

6) The number of interrogatories propounded, including subparts, exceeds the number permitted by law.

Subject to and without waiving the General and Specific objections, Plaintiffs answers as follows: Plaintiff used a piece of software to record the names of consignors and inventory that they consigned.   Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 8:** Please identify the amount you claim as "likely net income" attributable to any unusually favorable business conditions, if you claim such amount in connection with this lawsuit.

**RESPONSE:**  Plaintiffs and Plaintiffs' counsel object to the Interrogatory as:

1) Being overbroad and unduly burdensome;

2) Being vague and ambiguous;

3) Calling for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence,

4) Seeking otherwise privileged information,

5) Seeking confidential information; and

6) The number of interrogatories propounded, including subparts, exceeds the number permitted by law.

Subject to and without waiving the foregoing General and Specific objections, Plaintiffs respond as follows:

The term "unusually favorable business conditions" makes the Interrogatory virtually impossible to answer, as the term is undefined and incalculably vague. Please see attached spreadsheet produced in response to Request for Production of Documents No. 2 (profit and loss statement spreadsheet).

**INTERROGATORY NO. 9:** Please identify all operating expenses, including payroll expenses seen by Plaintiffs from January 1, 2010 – September 15, 2015.

**RESPONSE:** Plaintiffs and Plaintiffs' counsel object to the Interrogatory as

1) Being overbroad and unduly burdensome;

2) Being vague and ambiguous;

3) Calling for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence,

4) Seeking otherwise privileged information,

5) Seeking confidential information; and

6) The number of interrogatories propounded, including subparts, exceeds the number permitted by law.

14

Subject to and without waiving the foregoing General and Specific objections, Plaintiffs respond as follows:   Please see attached spreadsheet produced in response to Request for Production of Documents No. 2 (profit and loss statement spreadsheet).

**INTERROGATORY NO. 10:**  Please identify with reasonable particularity all additional expenses you incurred as a result of damage to your inventory or rental premises from January 1, 2013 – September 15, 2015.

**RESPONSE:** Plaintiffs and Plaintiffs' counsel object to the Interrogatory as:

1) Being overbroad and unduly burdensome;

2) Being vague and ambiguous;

3) Calling for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence,

4) Seeking otherwise privileged information,

5) Seeking confidential information; and

6) The number of interrogatories propounded, including subparts, exceeds the number permitted by law.

Subject to and without waiving the foregoing General and Specific objections, Plaintiffs respond as follows: Plaintiff does not have receipts for all items listed below.   For such items, prices listed are approximations of purchase and/or replacement cost.

a. 40 bridal veils were damaged as the result of a ceiling leak cause by a rusted air conditioner pan in the attic: $400.00 in payments to consignors.

b. 18 wedding dresses and 15 bridesmaid's dresses stored on lower level of shop damaged: $1175.00.

c. Tissue paper damaged: $60.00

d. Shopping bags damaged: $100.00

e. 18 wedding dress boxes damaged: $900.00

f. 50 shipping boxes: $75

g. Rugs damaged: $50.00

h. Chairs damaged: $50.00

Plaintiffs reserve the right to supplement this response.

**INTERROGATORY NO. 11:**  Please identify with reasonable particularity all books, documents, or other tangible things and give the name, address and telephone number of the person or persons having possession, custody or control of each such document or tangible things that support paragraph 15 of your Complaint.

**RESPONSE:**  Plaintiffs and Plaintiffs' counsel object to the Interrogatory as follows:

1) Being overbroad and unduly burdensome;

2) Being vague and ambiguous;

3) Being duplicative and harassing;

4) Calling for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence;

5) Seeking to intrude upon the attorney-client privilege;

6) Seeking to intrude upon the attorney work-product privilege;

7) The number of interrogatories propounded, including subparts, exceeds the number permitted by law.

Subject to and without waiving the foregoing General and Specific objections, Plaintiffs respond as follows: Plaintiff used a piece of software to keep track of consignors and inventory. Plaintiff reserves the right to supplement this response.


**INTERROGATORY NO. 12:** Please identify with reasonable particularity all documents relating to the lease of inventory storage space, including a lease agreement (if such exists) and the date on such lease agreement.

**RESPONSE:** Plaintiffs and Plaintiffs' counsel object to the Interrogatory as

1) Being overbroad and unduly burdensome;

2) Being vague and ambiguous;

3) Calling for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence; and

4) The number of interrogatories propounded, including subparts, exceeds the number permitted by law.

Subject to and without waiving the foregoing General and Specific objections, Plaintiffs respond as follows: Submit Rental lease copy.

**INTERROGATORY NO. 13:**  Please identify all lessors associated with the space in which your inventory is currently and has been stored since the date of the loss, including the name, address, and telephone number for such lessor(s).

**RESPONSE:** Plaintiffs and Plaintiffs' counsel object to the Interrogatory as:

1) Being overbroad and unduly burdensome;

2) Being vague and ambiguous;

3) Calling for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence; and

4) The number of interrogatories propounded, including subparts, exceeds the number permitted by law.

Subject to and without waiving the foregoing General and Specific objections, Plaintiffs respond as follows: Owner Maria Sullivan was the sole signatory to the lease.

**INTERROGATORY NO. 14:**   Please identify with reasonable particularity all documents relating to the employment of moving vehicles, movers, or other transportation of inventory necessary to vacate 647 Atlanta Street, Roswell, Georgia 30075.

**RESPONSE:**   Plaintiffs and Plaintiffs' counsel object to the Interrogatory as:

1) Being overbroad and unduly burdensome;

2) Being vague and ambiguous;

3) Calling for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence; and

4) The number of interrogatories propounded, including subparts, exceeds the number permitted by law.

Subject to and without waiving the foregoing General and Specific objections, Plaintiffs respond as follows: See Attachments

**INTERROGATORY NO. 15:**   Please identify and provide the name, address, and current telephone number of all individuals associated with landlord entity W.B. Holdings – Atlanta Street, LLC who have knowledge of the occurrence of damages to your inventory and the rental premises as alleged in your Complaint.

**RESPONSE:**   Josh Barnes

Kim Smith, Realtor: 770-789-1394. Solid Source Realty, Woodstock, GA 30188.

**INTERROGATORY NO. 16:**  Please identify and provide the name, address, and current telephone number of all employees of Plaintiff entities who worked at the rental premises of 647 Atlanta Street, Roswell, Georgia 30075, including their dates of employment.

**RESPONSE:**  Plaintiffs and Plaintiffs' counsel object to the Interrogatory as:

1) Being overbroad and unduly burdensome;

2) Being vague and ambiguous;

3) Calling for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence;

4) The number of interrogatories propounded, including subparts, exceeds the number permitted by law.

Subject to and without waiving the foregoing General and Specific objections, Plaintiffs respond as follows:

Carol Grosz: 847-903-5827

Rhiannon Burns: 770-655-0690.

Tiffany Pierce: 770-778-8945.

Margarita Mena: 678-665-6402

Plaintiffs reserve the right to supplement this response.

**INTERROGATORY NO. 17:** Please identify and provide the name, address, and current telephone number of any and all individuals and/or companies who inspected the rental premises of 647 Atlanta Street, Roswell, Georgia 30075 following the loss, further identifying the date of such inspection and any documents or reports provided to you by such inspector following their investigation.

**RESPONSE:** Plaintiff and Plaintiff's counsel object to the Interrogatory as

1) Being vague and ambiguous;

2) Being overly broad, burdensome and oppressive;

3) Calling for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence; and

4) The number of interrogatories propounded, including subparts, exceeds the number permitted by law.

Subject to and without waiving the General and Specific objections, Plaintiffs answer as follows:  During the walkthrough with the realtor and Josh Barnes, Barnes promised to bring everything up to code.  Sullivan's main concern was lighting and cosmetics.  All else was to be corrected prior to the beginning of business, per the lease agreement, and written and oral representations made by the landlord. Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 18:**  Please identify all repairs, including the names of all individuals and/or companies who performed such repairs to the rental premises during your occupation thereof, and identify all documents, including receipts, invoices, payments and dates of such repairs.

**RESPONSE:** Plaintiffs and Plaintiffs' counsel object to the Interrogatory as

1) Being vague and ambiguous,

2) Being overly broad, burdensome and oppressive,

3) Calling for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence,

4) Seeking to intrude upon the attorney/client privilege,

5) Seeking to intrude upon the attorney work product privilege,

6) Seeking otherwise privileged information,

7) Seeking confidential information,

8) The number of interrogatories propounded, including subparts, exceeds the number permitted by law.

Subject to and without waiving the General and Specific objections, Plaintiffs answer as follows:  Owner Maria Sullivan paid for most of the maintenance as the HVAC company hired by Landlord WB Holdings seemed unable to remedy the problem with the HVAC unit.  Sullivan paid to install a device for the compressor after a correctly-sized HVAC unit was installed.

Landlord WB Holdings – Atlanta Street, LLC, hired an HVAC company to make repairs but the repairs were unsuccessful.

**INTERROGATORY NO. 19:** Please identify all demands for payment made to Travelers.

 **RESPONSE:** Plaintiffs and Plaintiffs' counsel object to the Interrogatory as

  1) Being vague and ambiguous,

  2) Being overly broad, burdensome and oppressive,

  3) Calling for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence,

  4) Seeking to intrude upon the attorney/client privilege,

  5) Seeking to intrude upon the attorney work product privilege,

  6) Seeking otherwise privileged information,

  7) Seeking confidential information,

  8) The number of interrogatories propounded, including subparts, exceeds the number permitted by law.

 Subject to and without waiving the General and Specific objections, Plaintiffs answer as follows:

 Plaintiffs made a demand for payment of September 2013.

**INTERROGATORY NO. 20:**  Please state each and every fact upon which you contend that Travelers acted in bad faith in denying your claimed loss.

Plaintiffs and Plaintiffs' counsel object to the Interrogatory as

1) Being vague and ambiguous;

2) Calling for a legal conclusion;

3) Being overly broad, burdensome and oppressive;

4) Seeking to intrude upon the attorney/client privilege;

5) Seeking to intrude upon the attorney work-product privilege;

6) Seeking otherwise privileged information;

7) Seeking confidential information; and

8) The number of interrogatories propounded, including subparts, exceeds the number permitted by law.

Subject to the foregoing objections, Plaintiffs respond as follows:

Plaintiffs made a demand for payment of September 2013, putting Defendant on notice.  Once demand was made, Defendant denied the claim.