IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DEVISION

| | |
|---|---|
| VINTAGE AND VOGUE, LLC and I DO AND I'M DONE, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,<br><br>Defendant. | Civil Action File No. 1:16-01952-AT |

## RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR RULE 11 SANCTIONS

COMES NOW, Vintage And Vogue, LLC and I Do and I'm Done, LLC (hereinafter "V&V" and "IDID", respectively; "Plaintiffs", collectively), Plaintiffs in the above-styled action, by and through the undersigned counsel of record, and hereby file their Response in Opposition to Defendant's Motion for Rule 11 Sanctions. Defendant's Motion for Sanctions is wholly based on an issue of material fact and full-on recasting of the facts contained in Plaintiff's Complaint. Further, Defendant's attempt to portray this claim as frivolous would have this Court decide said issues of fact prior to a trial and accept Defendant's interpretation of the issues at hand.  Defendant's Motion is frivolous, as should be

1

apparent due to Defendant's failure to assert it in any prior litigation, and should be denied.

## INTRODUCTION

### 1. DEFENDANT'S ARGUMENT THAT THE DAMAGES SOUGHT WERE INCURRED IN MARCH, 2013 IS WHOLLY UNSUPPORTED BY THE RECORD.

Defendant's Motion for Sanctions is based largely on the presupposition that Plaintiffs have sued based on a March 15, 2013 incident in which some of Plaintiffs property was damaged.[1] However, Plaintiffs have never asserted a claim for property damage that was incurred in March, 2013. Instead, Plaintiffs have asserted claims for loss of business assets incurred in the required move which occurred on or about October **1, 2013.**[2] Further, Plaintiffs specifically allege that they are also seeking lost profits which did not occur until after the store had been vacated, or, i.e. after **October 1, 2013.**[3]

At no point in time have Plaintiffs ever asserted a claim that accrued prior to September 23, 2013.[4] Defendant's characterization of Plaintiffs' claims is in strict derogation with Plaintiffs' actual claims as put forth in their Complaint. Instead it is clear that Plaintiffs incurred a loss that they notified Defendant of on or around

---

[1] *See* Defendant's Memorandum of Law In Support of Defendant's Motion for Rule 11 Sanctions (hereinafter "Defendant's Motion") p. 10, ¶ 2.
[2] *See* Plaintiffs' Complaint, ¶¶s -18-29
[3] *See* Id.
[4] Id.

September 23, 2013, that they were forced to vacate their location on or around October 1, 2013 and that they then filed suit in timely fashion on September 16, 2015.[5] Whether or not Defendant asserts that notice of the loss or that the loss was incurred on dates other than those pled by Plaintiff is nothing more than an issue of fact to be decided be a trier of fact.

2. **THERE WAS NO FAILURE ON THE PART OF COUNSEL OR PLAINTIFFS TO MAKE A REASONABLE INQUIRY INTO THE FACTS OR THE LAW IN THIS MATTER.**

Defendant also argues that there was a failure to investigate the facts and/or the law in this matter. However, nothing could be farther from the truth. Counsel for Plaintiffs has been involved in this matter since 2013.[6] Counsel for Plaintiffs handled the litigation against the landlord in previous litigation and studied the insurance policy in question thoroughly.[7] Counsel for Plaintiffs also advised Plaintiffs that only claims incurred after September 2013 could be pursued.[8]

Further, Counsel for Plaintiffs and Plaintiffs discussed the fact that mold claims could not be pursued pursuant to the terms of the policy and prior litigation.[9] At no time were Plaintiffs or Counsel for Plaintiffs operating under a

---

[5] Plaintiffs' Complaint ¶¶s 18-29.
[6] Declaration of W. Anthony Collins, Jr. ("Declaration"), attached as Exhibit 1 at ¶ 1.
[7] Id. at ¶¶s 1,4.
[8] Id. at. 4.
[9] Declaration, ¶ 4.

3

veil of ignorance or bringing frivolous claims.[10]  Indeed, Plaintiffs and Counsel for Plaintiffs' still believe these claims to be meritorious.  Defendant is simply attempting to win a summary judgment motion through the use of Rule 11 sanctions.

## ARGUMENT AND CITATION TO AUTHORITY

> "Rule 11 is intended to deter claims with *no* factual or legal basis at all; creative claims, coupled even with ambiguous or inconsequential facts, may merit dismissal, but not punishment." Davis v. Carl, 906 F.2d 533, 538 (11th Cir. 1990).   "A factual claim is frivolous if no reasonably competent attorney could conclude that it has a reasonable evidentiary basis. Thus, where no evidence or only patently frivolous evidence is offered to support factual contentions, sanctions can be imposed." Lawson v. Sec'y, Dep't of Corr., 563 F. App'x 678, 680 (11th Cir. 2014) (per curiam) (quoting Thompson v. RelationServe Media, Inc., 610 F.3d 628, 665 (11th Cir. 2010)). "Where the evidence, although 'weak or self-serving,' is reasonable, sanctions cannot be imposed." Id. (quoting Thompson v. RelationServe Media, Inc., 610 F.3d 628, 665 (11th Cir. 2010)); see Lawson, 563 F. App'x at 681 ("The fact that [a plaintiff] has provided *some* evidence [of his factual contentions] is sufficient to establish that Rule 11 sanctions are inappropriate.").

Goodale v. Olen Properties Corp., 1:15-cv-1845-WSD, (N.D. Ga. 2016).  In this case it is clear that Plaintiffs have ample evidence to support their claims, whether or not Defendant chooses to agree with it.  Counsel for Plaintiffs has a long history with this particular matter, and personal knowledge of the date of loss and of the

---

[10] Id. at ¶ 4.

nature of the loss.[11]  Plaintiffs have not alleged any sort of claim regarding to the incident that occurred in March, but instead that the date of the loss was incurred and reported on or about September 2013 and not in March as Defendant contends.[12]  Defendant's argument is not that the evidence is not available, nor that the evidence is "weak or self-serving"; instead it just argues that the evidence is conflicts with what it believes and therefore Plaintiffs and their counsel should be sanctioned.  This is clearly contrary to the law and Defendant's Motion should be denied.

Respectfully submitted this 6th day of September, 2016.

SMITH, COLLINS LLC

8565 Dunwoody Place
Building 15 Suite B
Atlanta, GA 30350
Phone: (678) 245-6785
Fax: (888) 413-3031
*Anthony@SCPLegal.com*

*/s/ W. Anthony Collins, Jr.*
W. Anthony Collins, Jr.
Georgia Bar No. 141712

*Attorney for Plaintiff*

---

[11] Declaration ¶ 4.
[12] Complaint, ¶¶s 18-19

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **VINTAGE AND VOGUE, LLC AND I DO AND I'M DONE, LLC,**<br>    **Plaintiffs,**<br>     vs.<br>**TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,**<br>    **Defendant.** | Civil Action No. 1:16-CV-01952-at |

## CERTIFICATE OF SERVICE AND COMPLIANCE

I further certify that I have this day sent by via email the foregoing <u>RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR RULE 11 SANCTIONS</u> to opposing counsel, addressed as follows:

Karen K. Karabinos
kkarabinos@deflaw.com
Mary Alice L. Jasperse
mjasperse@deflaw.com
Drew Eckl & Farnham, LLP
880 W. Peachtree St.
P.O. Box 7600
Atlanta, GA 30357-1400

Counsel for the Plaintiffs further certifies that this pleading complies with Local Rule 5.1 and the type is Times New Roman, 14-point.

Dated: September 6, 2016.

SMITH, COLLINS LLC

8565 Dunwoody Place
Building 15 Suite B
Atlanta, GA 30350
Phone: (678) 245-6785
Fax: (888) 413-3031
*Anthony@SCPLegal.com*

*/s/ W. Anthony Collins, Jr.*
W. Anthony Collins, Jr.
Georgia Bar No. 141712

*Attorney for Plaintiffs*