# MARIA SULLIVAN
Email:  maria@walden-sullivan.com
Phone: (678) 478-6663


September 29, 2016


**VIA EMAIL TO:**  anthony@scplegal.com

W. Anthony Collins, Jr.
Maud A. Pinter
Smith Collins & Pinter, P.A.
8565 Dunwoody Place – Building 15, Suite B
Atlanta, Georgia 30350


> Re:   Letter Dated September 12, 2016 – Mailed to Wrong Address – And Received September 27, 2016 Giving 14 Day Notice of Intent to File Motion To Withdraw from the Travelers 2 Case identified below (the "**9-12 Withdrawal Letter**") (copy enclosed)
>
> Letter Dated September 16, 2016 – Emailed September 16, 2016 – And Received September 16, 2016 Giving 14 Day Notice of Intent to File Motion To Withdraw from the Travelers 2 Case identified below (the "**9-16 Withdrawal Letter**") (copy enclosed)
>
> *Vintage And Vogue, LLC., and I Do And I'm Done, LLC., Plaintiffs vs. Travelers Casualty Insurance Company of America*, *Defendant*; Civil Action File No. 1:16-cv-01952-AT; United States District Court, Northern District of Georgia, Atlanta Division ("**Travelers 2**")

Dear Mr. Collins, Ms. Pinter, and Smith Collins & Pinter, P.A.:

I am in receipt of the **9-12 Withdrawal Letter** which was not received by me until September 27, 2016 because it was mailed to the wrong address; and the **9-16 Withdrawal Letter** which was received by me on September 16, 2016 by email.  I note that no copies of the proposed withdrawal motions and accompanying pleadings were enclosed with the letter, contrary to what the **9-16 Withdrawal Letter** stated.  All that was received by me were two page letters with no enclosures.

Vintage And Vogue, LLC. and I Do And I'm Done, LLC. opposes and objects to any Motion to Withdraw as Counsel that Mr. Collins, Ms. Pinter, or Smith, Collins & Pinter, P.A. files in the Travelers 2 case.  Pursuant to Northern District of Georgia Local Rule 83.1 E. (2)(J), this

W. Anthony Collins, Jr.
Maud A. Pinter
September 29, 2016
Page 2

opposition and objection is timely made.  Any motion you subsequently file in the Travelers 2 case should attach or disclose this objection to the Court.

Neither the **9-12 Withdrawal Letter** nor the **9-16 Withdrawal Letter** provide any good cause for the withdrawal.  In fact, you mention no cause at all for the withdrawal. You and your firm undertook the representation of my companies on a contingency fee arrangement.  At all relevant times it was my clear understanding that you would remain fully involved and actively participate in the representation, and it was never contemplated that you would abandon the representation under the fee structure to which we agreed.

It is my understanding under well-established Georgia law that our attorney-client relationship is highly fiduciary on your part and is imbued with ultimate trust and confidence, with your obligations transcending those prevailing in the commercial marketplace and imposing special and unique duties, to include the utmost fair and honest dealings, undivided loyalty, and safeguarding and honoring your clients' interest over your own.

Withdrawal of counsel in circumstances such as may be presented in the present action can properly be disallowed.  When you accepted the fee arrangement to conduct the Travelers 1 Case and then the Travelers 2 legal proceeding, you impliedly agreed to prosecute the matter to a conclusion. You are not at liberty to abandon the case without justification or reasonable cause, or the consent of me as the controlling person of your clients.

I believe an attorney has certain obligations and duties to your clients once representation is undertaken. These obligations did not evaporate because the case becomes more complicated or the work more arduous or the fee arrangement is not as profitable as first contemplated or imagined.  You as my attorneys must never lose sight of the fact that your profession is a branch of the administration of justice and not a mere money-getting trade.  You should not throw out the unfinished task to the detriment of your clients except for reasons of honor or self-respect.

Under the Local Rules of the Travelers 2 Court, the Rules of Professional Conduct of the American Bar Association as revised by the Georgia Supreme Court govern the conduct of attorneys admitted to practice in the Travelers 2 case Court.  I understand the decision to allow withdrawal of counsel under these rules is entirely within the discretion of the Court. As such, I suggest withdrawal may properly be refused despite a showing of good cause.  In exercise of such discretion, I understand that Courts look to the following factors: (1) the reasons withdrawal is sought; (2) the prejudice withdrawal may cause the other litigants; (3) the harm withdrawal may cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case.

You have not and cannot make an adequate showing of good cause for withdrawal under

W. Anthony Collins, Jr.
Maud A. Pinter
September 29, 2016
Page 3

Rule 1.16(b) of the Georgia Rules of Professional Conduct; and, alternatively, even assuming you could make a minimally adequate showing of good cause, any motion you file should nevertheless be properly denied given the unnecessary and substantial risks of material prejudice to my companies' interest, the other parties' interest, and the Court's interest in the orderly and efficient administration of justice.

More specifically, for you to be allowed to withdraw, in the absence of substitute counsel having been retained and standing ready to make an appearance and proceed with the discovery process and any pending motions, would significantly impair my companies' ability to maintain the action.

Your withdrawal as counsel would unreasonably subject my companies to unnecessary risks of prejudice, which would be avoided only by extraordinary good fortune in retaining appropriate substitute counsel in a relatively short period of time. Something you know is not possible, because I have tried.

There are important public policy considerations regarding access to justice and the proper administration of the business of the Court that would be ill-served by your withdrawal from this action, effectively abandoning your clients.

Your comments to me on September 16 both during the conference call with the Court and during our private conference as instructed by the Court, that I had a good case and that it should proceed forward were confusing and troubling to me. It was troubling because you told me that Travelers got the date of loss wrong and that was somehow significant. I had essentially offered to give the Defendant exactly what they wanted. The Court even asked me about this. But as a result of your comments, I was not sure where to turn now until you sent the various withdrawal letters, which now require me to take a hard line because you leave me no other choice.

I urge you to not file any contemplated motions to withdraw, that you fulfill your obligations to your clients, and that you see the case through to its ultimate conclusion as I expected and contracted for you to do when we first began.

                                                   Respectfully,
                                              Vintage & Vogue, LLC.
                                            I Do And I'm Done, LLC.

                                         *Maria Sullivan*
                    By:_____
                                Maria Sullivan, Owner
                                  Authorized Agent

W. Anthony Collins, Jr.
Maud A. Pinter
September 29, 2016
Page 4

Cc:      Honorable Amy Totenberg
           United States District Judge
           2388 Richard B. Russell Federal Building
           and United States Courthouse
           75 Ted Turner Drive, SW
           Atlanta, GA 30303-3309
           c/o Amy Cash McConochie
           Courtroom Deputy Clerk
           <u>Via Email:</u>  Amy_McConochie@gand.uscourts.gov

           Karen Karabinos <u>Via Email:</u>  karabinosk@deflaw.com