IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| VINTAGE AND VOGUE, LLC, and I DO AND I'M DONE, LLC | : : : | |
| Plaintiffs, | : : | |
| v. | : : | |
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, | : : : : : | CIVIL ACTION NO. 1:16-CV-1952-AT |
| Defendant. | : | |

## **ORDER**

This matter is before the Court on W. Anthony Collins, Jr.'s Motion to Withdraw as counsel for Plaintiff [Doc. 22]. Plaintiffs previously objected to Mr. Collin's Motion (*see* Docs. 26 & 27), but have since indicated to the Court, through their sole owner, that they no longer object to Mr. Collins' withdrawal. The Court does not construe Plaintiffs' consent to mean they have waived any rights or claims they may have against Mr. Collins and his firm in connection with his representation of them. Nor does the Court opine on whether any such claims exist.

Defendant also objects to the Motion to Withdraw, arguing that Mr. Collins' withdrawal will delay the case, negatively impact Plaintiffs, and negatively impact Defendant because Defendant has filed a motion for sanctions

against both Plaintiffs and Mr. Collins. First, the Court does not believe withdrawal will delay the case in a prejudicial manner. Indeed, the Parties just recently filed a motion for an extension of the discovery period, which the Court **GRANTS** [Doc. 28]. Discovery **SHALL** end on January 16, 2017.

Second, the Court appreciates Defendant's concern for Plaintiffs, but is satisfied that Plaintiffs' owner understands the upside and downside of consenting to withdrawal. Third, Defendant has not made a compelling case that it will be prejudiced by withdrawal. Defendant has filed a motion seeking sanctions against both Plaintiffs and Mr. Collins. However, if the Court awards sanctions, it could assess the entire amount against Plaintiffs and thus make Defendant whole. Moreover, Defendant has not made any showing that Plaintiffs could not satisfy such a judgment.[1]

For the foregoing reasons, the Court **GRANTS** the Motion to Withdraw [Doc. 22]. The Court construes this withdrawal as including Mr. Collins, his firm Smith, Collins, & Pinter, P.A., and his co-counsel, Maud Pinter. If Ms. Pinter intends to remain as counsel she should file a notice on the docket within three days. If Ms. Pinter does not file such a notice, Plaintiffs are **DIRECTED** to obtain counsel by December 20, 2016, or the Court will dismiss this case pursuant to L.R. 41.3(A)(2). *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985), *cert. denied*, 474 U.S. 1058 (1986); *see also* LR 83.1E(2)(b)(I)

---

[1] Plaintiffs are also free to continue negotiating with Defendant about a potential resolution of the motion for sanctions. Last the Court heard, Defendant was willing to withdraw the motion if Plaintiffs dismissed their case with prejudice.

2

(providing that "a corporation may only be represented in court by an attorney, that a[n] attorney must sign all pleadings submitted to the court, and that a corporate officer may not represent the corporation in court unless that officer is also an attorney licensed to practice law in the state of Georgia, and that failure to comply with this rule could result in a default being entered against the corporate party").

The Court **ADMINISTRATIVELY CLOSES** this action while Plaintiffs attempt to obtain counsel. Administrative closure is a docket control device that does not prejudice the Parties in any way. A party may move to re-open the case at any time. The Clerk is **DIRECTED** to resubmit this matter to the undersigned on December 20, 2016.

**IT IS SO ORDERED** this 14th day of November, 2016.

_____
**Amy Totenberg
United States District Judge**